WEHLE, VICTOR O., Associate Judge.
This is an appeal from an order granting a summary judgment in favor of a cross-defendant, Union Metal Company, and against the cross-claimants, Fort Lauder-dale Transfer, Inc., and Noah Johnson.
The cross-claim of the appellants was based on alleged negligence of Lester Lower for whose negligence it was sought to charge the Union Metal Company, which negligence allegedly resulted in the collapse of a radio tower during its erection on the premises of the Florida State Road Department at Fort Lauderdale. Motorola Communications and Electronics, Inc., had contracted with the Florida State Road Department to supply and erect the tower. Thereafter Motorola contracted with the Union Metal Company to manufacture the tower and with Ellis Tower Co., Inc., to install the tower. Ellis Tower Co., Inc., then contracted with Fort Lauderdale Transfer, Inc., one of the appellants, to assemble the tower and contracted with1 Leonard Bros. Transfer & Storage Co., Inc., to raise the tower into place. The appellant, Noah Johnson, was the foreman for the appellant, Fort Lauderdale Transfer, Inc. The status of Lester Lower is in controversy. The appellee, Union Metal Company, the manufacturer of the tower, contended that Lower was provided by it solely in an advisory capacity for the erection of the tower and exercised no supervisory authority. The appellants’ contention was that Lower was on the job as the manufacturer’s representative and supervised the erection of the tower and that his negligence in failing to properly perform his duties was the cause of the appellants’ injuries and was chargeable to the appellee as his employer or principal.
*763 A careful perusal of the record shows that "the various affidavits and depositions offered by the respective parties, either in support of or in opposition to the motion for summary judgment, present genuine issues of material fact as to the circumstances under which Lower was employed to participate in the erection of the radio tower and as to whether or not he was engaged in the scope of his employment at the time of the accident so as to bind the Union Metal Company by his alleged negligence. The trial Court erred in entering summary j'udgment.
Reversed.
SHANNON, Acting C. J., and ANDREWS, J., concur.